UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CYBER SOLUTIONS INTERNATIONAL, LLC,

      Plaintiff,

v.

PRIVA SECURITY CORPORATION, et al.,

      Defendants.
_____/

Case No.  1:13-CV-867

HON. ROBERT HOLMES BELL

**O P I N I O N**

      This matter comes before the Court on Defendant Pro Marketing Sales, Inc.'s motion for preliminary injunction, bond, and other relief.  (ECF No. 56.)  Plaintiff Cyber Solutions International, LLC, opposes the motion.  (ECF No. 58.)

      On February 26, 2015, this Court entered an order declaring that "Defendant Pro Marketing Sales lawfully possesses Priva's collateral pursuant to its Security Agreement, and that Pro Marketing is permitted to market, sell and/or license the SKSIC/TRSS technology." (ECF No. 49.)  Cyber Solutions has appealed the order. (ECF No. 53.)

      Pro Marketing contends that Cyber Solutions has disregarded this Court's order and has effectively precluded Pro Marketing from selling and/or licensing the TRSS technology by actively marketing, selling, and licensing the TRSS technology itself.  Pro Marketing accordingly requests a preliminary injunction enjoining Cyber Solutions from marketing, selling, or licensing the TRSS technology, and further requiring Cyber Solutions to post a

supersedeas bond in the amount of $4 million.

Pro Marketing seeks a preliminary injunction pursuant to 28 U.S.C. § 2202, which provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted . . . against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.  In evaluating a motion for a preliminary injunction, this Court considers:

> (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (citing *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992)).  These four considerations are "factors to be balanced and not prerequisites that must be satisfied." *Id*. (quoting *Eagle-Picher*, 963 F.2d at 859).  A preliminary injunction is an extraordinary remedy, and the party seeking the preliminary injunction bears the burden of justifying such relief.  *Id.*

In support of its assertion that Cyber Solutions has violated this Court's declaratory judgment, Pro Marketing has produced a page from Cyber Solutions's website, which lists TRSS as a Cyber Solutions product and invites inquiries.  (Def.'s Br., Ex. A.)  Pro Marketing has also presented an affidavit from Richard H. Hall, its corporate secretary, stating that because of confusion in the marketplace as to the rightful owner of the TRSS technology, Pro Marketing has been unable to sell or license the technology.  (Def.'s Br., Ex. B, Hall Decl.

2

¶ 6.)

In response, Cyber Solutions has presented the affidavit of Douglas Benefield, its managing director, who states that after Pro Marketing filed its motion, Cyber Solutions removed the page describing the TRSS from its website. (Pl.'s Br. Ex. A, Benefield Decl. ¶ 3.) He also states that after the Court's February 26, 2015 order, Cyber Solutions has not made any sales of the TRSS or engaged in any other affirmative actions that would interfere with Pro Marketing's ability to license, market or sell the SKSIC/TRSS technology. (*Id.* at ¶ 4.)

Pro Marketing has not shown a likelihood of success on the merits of its claim that Cyber Solutions has violated this Court's declaratory judgment. The declaratory judgment did not affirmatively require Cyber Solutions to take any particular action or to refrain from any particular action with respect to the TRSS. To the extent Pro Marketing suggests that it requires further relief pursuant to 28 U.S.C. § 2202, the Court finds that the request is not properly before the Court because Pro Marketing did not request such further relief in its motion for summary judgment (ECF No. 29), and because the declaratory judgment is currently on appeal.

Neither has Pro Marketing shown that it would suffer irreparable harm if a preliminary injunction is not entered. Pro Marketing has not shown that Cyber Solutions has taken any action to market, sell, or license the TRSS technology beyond posting the challenged page on its website. That page, however, has been removed. Accordingly, Pro Marketing has not

3

Shown that the webpage would cause irreparable harm if a preliminary injunction is not entered.

Although Pro Marketing complains that there is confusion in the marketplace regarding ownership of the TRSS technology, Pro Marketing has not shown that such confusion is caused by any prohibited action on the part of Cyber Solutions. Cyber Solutions has appealed this Court's order finding that Pro Marketing owns the TRSS, and that appeal could, in itself, cause confusion or uncertainty in the marketplace as to ownership of the TRSS technology. Any such insecurity or confusion would not be eliminated by the entry of a preliminary injunction.

In its reply brief Pro Marketing has attached excerpts from Douglas Benefield's testimony before the bankruptcy court in August 2014 involving Cyber Solutions's efforts to market and sell the TRSS technology. That testimony pre-dates this Court's February 2015 order, so it does not support Pro Marketing's assertion that Cyber Solutions is currently violating this Court's order, or that it is currently engaged in efforts to market, sell, or license the TRSS technology.

Pro Marketing has requested that Cyber Solutions be required to post a supersedeas bond pending resolution of Cyber Solutions's appeal. A supersedeas bond is a method by which an appellant may obtain a stay pending appeal. Fed. R. Civ. P. 62(d) ("If any appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . ); *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) ("Rule 62(d) entitles a party who files a satisfactory

4

supersedeas bond to a stay of money judgment as a matter of right."). Pro Marketing has not cited any authority for imposing a supersedeas bond where the appellant has not requested a stay, and the Court is aware of none.

Finally, Pro Marketing has requested that Cyber Solutions be required to place the TRSS technology in escrow pending the outcome of the appeal. This argument was raised for the first time in Pro Marketing's reply brief. It did not appear in Pro Marketing's original motion. It is well established that a reply brief is not the proper place to raise new arguments. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (holding that issue raised for the first time in a reply brief was not properly raised before the district court); *Int'l-Matex Tank Terminals-Illinois v. Chem. Bank*, No. 1:08-CV-1200, 2009 WL 1651291, at *2 (W.D. Mich. June 11, 2009) (Maloney, C.J.) (declining to consider argument first raised in a reply brief). Because Pro Marketing's escrow argument was raised for the first time in its reply brief, the Court will not consider it.

For all the reasons stated, the Court will deny Pro Marketing's motion for preliminary injunction, bond, and other relief.

An order consistent with this opinion will be entered.


Dated: <u>October 1, 2015</u>            /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE